# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM MOOMAW and REGAN MOOMAW, individually and on behalf of others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>GEOSNAPSHOT PTY LTD, an Australian proprietary limited company, and GEOSNAPSHOT, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 23-cv-1321 |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, defendants GeoSnapShot Pty Ltd ("GeoSnapShot Australia") and GeoSnapShot, Inc. ("GeoSnapShot Delaware," collectively "GeoSnapShot"), hereby give notice of removal of this action from the Circuit Court of St. Clair County, Illinois to the United States District Court for the Southern District of Illinois.

By filing this notice, GeoSnapShot does not concede any allegation, assertion, claim, or demand for relief in the Complaint of plaintiffs Adam Moomaw and Regan Moomaw (the "Moomaws"), or that any damages exist. GeoSnapShot specifically reserves all defenses related to personal jurisdiction and the inconvenience of litigating in this forum. GeoSnapShot denies that it has violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, et seq. ("BIPA"), intends to defend this matter vigorously (if subjected to personal jurisdiction), and reserves all defenses and objections to the allegations, assertions, claims, demands for relief, and supposed damages set forth in the Complaint.

## THE STATE COURT ACTION

On March 23, 2023, the Moomaws, on behalf of themselves and allegedly similarly situated individuals, commenced this action in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, styled *Moomaw et al. v. GeoSnapShot Pty Ltd et al.*, Case No. 2023-LA-0365. (See Declaration of John C. Ellis, attached as Exhibit 2, Ex. A., State Court Complaint.) The Moomaws served GeoSnapShot's registered agent with process on or about March 24, 2023. (Ellis Dec., Ex. B., State Court Summons.)

The Moomaws seek relief based on GeoSnapShot's alleged violations of BIPA. In particular, the Moomaws allege that GeoSnapShot violated Section 15(a) of BIPA by "possess[ing] Plaintiffs' and the Class members' biometrics without having developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a)." (Ellis Dec., Ex. A, ¶ 72.) The Moomaws also allege that GeoSnapShot violated Section 15(b) of BIPA by (1) "collect[ing] and stor[ing] Plaintiffs' and the Class members' biometrics without first informing them in writing;" (2) "collect[ing], stor[ing], and us[ing] Plaintiffs' and the Class members' biometrics without first informing them in writing of the specific purpose and length of term for which their biometrics were collected, stored, or used;" and (3) "collect[ing] the biometrics of Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative." (Ellis Dec., Ex. A, ¶¶ 80, 88, 95.) The Moomaws lastly allege that GeoSnapShot "profit[ed] from Plaintiffs' and Class members' biometrics." (Ellis Dec., Ex. A, ¶ 104.)

The Moomaws' action is brought as a putative class action, seeking to represent an alleged class of "[a]ll Illinois citizens who [sic] biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by GeoSnapShot Pty

Ltd or GeoSnapShot, Inc." (Ellis Dec., Ex. A, ¶ 58.) The Moomaws allege that "the class includes thousands of members," and consequently, "individual joinder of all members is impracticable." (Ellis Dec., Ex. A, ¶ 59.)

On behalf of themselves and all others similarly situated, the Moomaws seek (1) "a declaration that GeoSnapShot's conduct described throughout [their] Complaint violates BIPA Sections 15(a), (b)(1)-(3), and (c);" (2) "injunctive and equitable relief as is necessary to protect Plaintiffs and the proposed Class from GeoSnapShot's ongoing violations of BIPA Sections 15(a), (b)(1)-(3), and (c);" (3) "statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA . . . and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA"; (4) "their reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;" and (5) "such other relief as the Court deems just and appropriate." (Ellis Dec., Ex. A, ¶¶ B-F.)

## GROUNDS FOR REMOVAL

When a case filed in state court falls within the original jurisdiction of the federal district courts, the defendant may remove the case from state court to federal court. 28 U.S.C. § 1441(a). Because this Court has original jurisdiction over this case pursuant to the Class Action Fairness Act of 2005 ("CAFA"), this case is properly removed under 28 U.S.C. §§ 1332(d), 1441(b) & 1453(b).

**I. This Action Is Removable under the Class Action Fairness Act of 2005.**

Under CAFA, federal district courts have original jurisdiction over any putative class action in which "(1) a class has 100 or more class members; (2) at least one class member is diverse from at least one defendant ('minimal diversity'); and (3) there is more than $5 million, exclusive

of interest and costs, in controversy in the aggregate." *Roppo v. Travelers Com. Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017); 28 U.S.C. § 1332(d)(2), (d)(2)(C).  Because all of those requirements are met, and because GeoSnapShot has met all other requirements, this action is removable under CAFA.

This is a putative "class action" under CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).  The Moomaws filed this action under Section 2-801 of the Illinois Code of Civil Procedure, which allows a class action when "(1) [t]he class is so numerous that joinder of all members is impracticable"; "(2) [t]here are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members"; "(3) [t]he representative parties will fairly and adequately protect the interest of the class"; and "(4) [t]he class action is an appropriate method for the fair and efficient adjudication of the controversy.  735 Ill. Comp. Stat. Ann. 5/2-801.  The requirements for class certification under Section 2-801 parallel those of Federal Rule of Civil Procedure 23.  *Compare* 735 ILCS 5/2-801 *with* Fed. R. Civ. P. 23.

### A. The Aggregate Number of Proposed Class Members Is 100 or More.

The Moomaws propose to represent a class of similarly situated individuals, defined as "[a]ll Illinois citizens who [sic] biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by GeoSnapShot." (Ellis Dec., Ex. A, ¶ 58.)  The Moomaws allege that "the class includes thousands of members," (Ellis Dec., Ex. A, ¶ 59,) which is more than 100. GeoSnapShot does not maintain information about the actual number of participants in any of the events listed in the Complaint nor about the residency of

individuals who registered to participate in the events at issue. (Ex. 1, Edwards Decl., ¶¶ 4-5.) While GeoSnapShot does not concede that the Moomaws' proposed class is certifiable, lawful, or otherwise proper, and while GeoSnapShot expressly reserves the right to raise all arguments and defenses to the Moomaws' allegations, including the Moomaws' class certification allegations, the alleged class, as defined by the allegations of the Moomaws' Complaint, numbers more than 100 individuals.

### B. The Parties are Minimally Diverse.

The parties are minimally diverse, as CAFA requires, because "any member of a class of plaintiffs is a citizen of a State and any defendant is a foreign state or a citizen or subject of a foreign state." 28 U.S.C. § 1332(d)(2)(C). The Moomaws, the only named plaintiffs, are "resident citizen[s] of Moultrie County, Illinois." (Ellis Dec., Ex. A, ¶¶ 8-9.) GeoSnapShot Delaware is incorporated in Delaware, (*see id.* ¶ 11,) and has its principal place of business in Colorado, (*see* Ex. 1, Edwards Decl., ¶ 2) and is therefore a citizen of Delaware and Colorado, *see* 28 U.S.C. § 1332(c)(1). GeoSnapShot Australia is an Australian proprietary limited company, and as such it is a citizen of Australia. (Ellis Dec., Ex. A, ¶ 10; Ex. 1, Edwards Decl., ¶ 3)

### C. The Amount in Controversy Exceeds $5,000,000.

CAFA requires courts to aggregate the claims of putative class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). A court "determine[s] whether it has jurisdiction by adding up the value of the claim of each person who falls within the . . . proposed class and determin[ing] whether the resulting sum exceeds $5 million." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Determining the amount in controversy requires looking at "what the plaintiff is *claiming* . . . , not whether plaintiff is likely to win or be awarded everything he seeks." *Brill v.*

*Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (emphasis added).  Because the Moomaws do not allege a specific amount in controversy, GeoSnapShot need only make "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). Basic arithmetic shows that the amount in controversy exceeds the $5,000,000 threshold.

The Moomaws seek statutory damages on their own behalf and on behalf of each putative class member. The Moomaws' Complaint alleges the following with respect to each member of the putative class: (1) GeoSnapShot violated Section 15(a) of BIPA, (Ellis Dec., Ex. A, ¶¶ 67-74); (2) GeoSnapShot violated Section 15(b)(1) of BIPA, (Ellis Dec., Ex. A, ¶¶ 75-82); (3) GeoSnapShot violated Section 15(b)(2) of BIPA, (Ex. 1, ¶¶ 83-90); (4) GeoSnapShot violated Section 15(b)(3) of BIPA, (Ellis Dec., Ex. A, ¶¶ 91-98); (5) GeoSnapShot violated Section 15(c) of BIPA, (Ellis Dec., Ex. A, ¶¶ 99-106.) The Complaint seeks damages of $1,000 per negligent violation and $5,000 per intentional violation. (Ellis Dec., Ex. A, Prayer for Relief ¶ D.)

The Illinois Supreme Court recently held that "violations occur with every scan or transmission" of a plaintiff's biometric information, and also that "the General Assembly chose to make damages discretionary rather than mandatory under the Act." *Cothron v. White Castle Sys.*, 2023 IL 128004, ¶¶ 30, 42.  In the Complaint, Plaintiffs allege that "GeoSnapShot's website hosts photographs taken at no fewer than ten events," and the Complaint specifically lists eleven separate events.  (Ellis Dec., Ex. A, ¶ 45.)  Plaintiffs further allege that a single one of these events involved more than 22,000 photographs, that a "significant" number of the individuals in those photographs are Illinois residents, and that GeoSnapShot violated BIPA with respect to every person whose facial image is contained in one of those photographs. (Ellis Dec., Ex. A, ¶¶ 45-48.) As a result, even if only a fraction of the photographs at issue contain images of Illinois residents (*e.g.*, 10%),

the Moomaws' allegations easily put more than $5 million in controversy (*e.g.*, 2,200 photographs multiplied by violations of 5 sections of BIPA for any single transmission of biometric information equals 11,000 violations; 11,000 violations multiplied by $1,000 in statutory damages for each violation equals $11,000,000 in statutory damages).

It thus is apparent from the Moomaws' Complaint that the amount in controversy for CAFA purposes exceeds $5,000,000.  *See Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617-18 (7th Cir. 2012) ("Morgan Stanley has provided a good-faith estimate that plausibly explains how the stakes exceed $5 million. That is sufficient."); *Blomberg v. Serv. Corp. Int'l.*, 639 F.3d 761, 764 (7th Cir. 2011) ("Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5,000,000 . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.").

### D.  None of CAFA's Exceptions Bars Removal.

Section 1332(d) sets forth exceptions to removal jurisdiction under CAFA; none of these exceptions applies here.

Section 1332(d)(4) requires a federal court to decline jurisdiction over a class action when, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed," and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed class . . . is a citizen of the State in which the action was originally filed."  28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members and "the primary defendants . . . are citizens of the State in which the action was originally filed").  Section 1332(d)(4) does not apply here because GeoSnapShot is not a citizen of Illinois, where the action was originally filed.

Section 1332(d)(5)(B) requires a court to decline jurisdiction when the number of all class members is less than 100. That does not apply here, because the Moomaws have alleged that "the class includes thousands of members." (Ellis Dec., Ex. A, ¶ 59.)

Sections 1332(d)(9) and 1453(d) exempt certain securities and corporate-governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *see id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because the Moomaws' claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934, and they do not involve state corporate governance issues.

## II. Venue and Intra-District Assignment Are Proper.

The Southern District of Illinois, East St. Louis Division is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Circuit Court of St. Clair County, Illinois, where the Complaint was filed. 28 U.S.C. § 1441(a).

## III. GeoSnapShot Has Satisfied All Other Requirements.

GeoSnapShot timely filed this Notice of Removal. GeoSnapShot was served with a copy of the Complaint and Summons on March 24, 2023. (*See* Ellis Dec., Ex. A (Complaint), Ex. B (Summons).) GeoSnapShot subsequently filed and served this Notice of Removal within 30 days of service, as required by 28 U.S.C. § 1446(b).

Also as required by 28 U.S.C. § 1446(a), GeoSnapShot has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon GeoSnapShot in the state-court action. The Complaint is the only document that has been filed in the state court action. A true and correct copy of the state court docket is attached (*see* Ellis Dec., Exhibit C,

State Court Docket).

Finally, GeoSnapShot will promptly serve on the Moomaws and file with the Circuit Court a "Notice of Removal to Federal Court." GeoSnapShot will also file with this Court a "Certificate of Service of Notice to Adverse Party of Removal to Federal Court." 28 U.S.C. § 1446(d); *see also* Fed. R. Civ. P. 5(d).

## **RESERVATION OF RIGHTS AND DEFENSES**

GeoSnapShot expressly reserves all of its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of the Moomaws' allegations or waiving any of GeoSnapShot's defenses. GeoSnapShot further reserves its right to amend or supplement this Notice of Removal.

## **CONCLUSION**

For the foregoing reasons, GeoSnapShot respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court of St. Clair County, Illinois. GeoSnapShot further requests whatever other relief the Court deems appropriate.

Respectfully submitted,

By: /s/ John C. Ellis
*One of Defendants' Attorneys*

John C. Ellis (IL ARDC #6286102)
ELLIS LEGAL, P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com