# Exhibit 2

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM MOOMAW and REGAN MOOMAW, individually and on behalf of others similarly situated, | |
| Plaintiffs, | |
| v. | Case No. 23-cv-1321 |
| GEOSNAPSHOT PTY LTD, an Australian proprietary limited company, and GEOSNAPSHOT, INC., a Delaware corporation, | |
| Defendants. | |

## DECLARATION OF JOHN C. ELLIS IN SUPPORT OF DEFENDANTS' NOTICE OF REMOVAL

I, John C. Ellis, hereby declare as follows:

1.      I am a member of the Bar of the State of Illinois and the owner of the law firm of Ellis Legal P.C., counsel of record for Defendants GeoSnapShot Pty Ltd and GeoSnapShot, Inc. (collectively, "Defendants") in the above-captioned action. I have personal knowledge of the matters set forth below and, if called upon to do so, I could and would testify competently thereto.

2.      Attached to this Declaration as **Exhibit A** is a true and correct copy of the civil action filed by Plaintiffs Adam Moomaw and Regan Moomaw on behalf of themselves and all similar situated individuals, in the Circuit Court for the Twentieth Judicial Circuit, St. Clair County, Illinois, entitled *Moomaw et al. v. GeoSnapShot Pty Ltd et al.,* Case No. 2023-LA-0365.

3.      Attached hereto as **Exhibit B** is a true and correct copy of the Summons issued by the State Court and served upon Defendants' registered agent.

4.     Attached hereto as **<u>Exhibit C</u>** is a true and correct copy of the docket in *Adam Moomaw and Regan Moomaw v. GeoSnapShot PTY LTD and GeoSnapShot, Inc.,* Case No. 2023-LA-0365.

5.     Attached hereto as **<u>Exhibit D</u>** is a true and correct copy of the Notice of Removal (without exhibits) that was filed in the Circuit Court for the Twentieth Judicial Circuit.

I declare under penalty of perjury under the laws of the State of Illinois and the United States that the foregoing is true and correct.

Executed this 21st day of April, 2023, in Chicago, Illinois.

Respectfully submitted,

By:     /s/ John C. Ellis
*One of Defendants' Attorneys*

John C. Ellis (IL ARDC #6286102)
ELLIS LEGAL, P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com

# Exhibit A

Electronically Filed
Kinnis Williams, Sr.
Circuit Clerk
Jennifer Davlin
23LA0365
St. Clair County
3/23/2023 11:52 AM
21990247

IN THE CIRCUIT COURT
TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

ADAM MOOMAW and REGAN MOOMAW,
individually and on behalf of all others
similarly situated,

               Plaintiffs,

     v.

GEOSNAPSHOT PTY LTD, an Australian
proprietary limited company, and

GEOSNAPSHOT, INC., a Delaware
corporation,

               Defendants.

Case No. 23 -LA- 0365 _____

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

Plaintiffs Adam Moomaw and Regan Moomaw, individually, and on behalf of all others

similarly situated ("Plaintiffs"), by and through their undersigned attorneys, bring this Class

Action Complaint against Defendants GeoSnapShot Pty Ltd and GeoSnapShot, Inc. (collectively,

"GeoSnapShot") under 735 ILCS 5/2-801, *et seq.* In support of their Complaint, Plaintiffs state

and allege as follows:

### NATURE OF THE CASE

1.      This is a class action for damages arising from GeoSnapShot's violations of the

Illinois Biometric Information Privacy Act, 740 ILCS 14/1 *et. seq.* ("BIPA"). GeoSnapShot has

violated BIPA by illegally collecting, storing, and using Plaintiffs' biometric identifiers and

biometric information ("biometrics") without informed written consent, and are understood to

have done the same to countless other similarly situated individuals.

2.     The Illinois legislature has recognized that "[b]iometrics are unlike other unique identifiers that are used to access finances or other sensitive information." 740 ILCS 14/5(c). "For example, social security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to the individual; therefore, once compromised, the individual has no recourse, is at heightened risk for identity theft, and is likely to withdraw from biometric facilitated transactions." *Id.*

3.     In response to these concerns, the legislature enacted BIPA, which provides that a private entity may not obtain or possess a person's biometrics unless it: (1) informs that person in writing that biometrics will be collected or stored; (2) informs that person in writing of the specific purpose and length of term for which such biometrics are being collected, stored and used; (3) receives a written release from the person for the collection of his or her biometrics; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying the biometrics it collects or stores. Furthermore, BIPA prohibits private entities from profiting in any way from a person's biometrics.

4.     GeoSnapShot is an online platform that allows registered photographers to attend events, upload their photos to the GeoSnapShot website, and receive a commission (shared with GeoSnapShot) on the photos that are sold through the website.

5.     GeoSnapShot's business model is dependent on its collection and use of the biometrics of the people depicted in the photos uploaded to its website. GeoSnapShot encourages event participants to find photos of themselves by uploading a "selfie" and allowing its artificial intelligence to compare that photo with the others in its database. This can be done only by extracting from each photo data representing the unique geometry of each facial image so that

2

comparisons can be made. Under BIPA, "scan[s] of . . . face geometry" are biometrics, 740 ILCS 14/10, so GeoSnapShot cannot collect or use them unless BIPA is complied with.

6.      Yet, as described further in this Complaint, GeoSnapShot does not comply with BIPA. It has collected, stored, used, and profited from the biometrics of hundreds or thousands of Illinois citizens, many of whom never purposefully involved themselves with GeoSnapShot or had any idea that it was collecting their biometrics.

7.      Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Class") to recovery the statutory damages that BIPA authorizes for its violations.

## PARTIES

8.      Plaintiff Adam Moomaw is, and at all times relevant to this action was, a resident citizen of Moultrie County, Illinois.

9.      Plaintiff Regan Moomaw is, and at all times relevant to this action was, a resident citizen of Moultrie County, Illinois.

10.      Defendant GeoSnapShot Pty Ltd is an Australian proprietary limited company based in Sydney, New South Wales, Australia. It may be served under the terms of The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, November 15, 1965.

11.      Defendant GeoSnapShot, Inc., is a Delaware corporation that is not registered to conduct business in Illinois. It may be served through its registered agent located at The Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801.

12.      Upon information and belief, GeoSnapShot, Inc. is wholly owned, directly or indirectly, by GeoSnapShot Pty Ltd, and is a conduit through which GeoSnapShot Pty Ltd conducts business in the United States. The two entities are referred to collectively as "GeoSnapShot" except as otherwise stated.

3

## JURISDICTION AND VENUE

13.     This Court has personal jurisdiction over Defendants under 735 ILCS 5/2-

209(a)(1) and (7) because Defendants, by themselves or through agents, have transacted business

in this State and made or performed contracts or promises substantially connected with this state

as described in paragraph 33 through 51 below and elsewhere in this Complaint.

14.     Venue is proper in this county under 735 ILCS 5/2-101 because Defendants all are

nonresidents of this State.

## FACTS COMMON TO ALL COUNTS

### *BIPA Regulates the Use of Illinois Citizens' Biometrics*

15.     In 2008, the Illinois legislature enacted BIPA due to the "very serious need [for]

protections for the citizens of Illinois when it [comes to their] biometric information." Illinois

House Transcript, 2008 Reg. Sess. No. 276.

16.     BIPA Section 15(a) provides that

[a] private entity in possession of biometric identifiers or biometric information
must develop a written policy, made available to the public, establishing a
retention schedule and guidelines for permanently destroying biometric identifiers
and biometric information when the initial purpose for collecting or obtaining
such identifiers or information has been satisfied or within 3 years of the
individual's last interaction with the private entity, whichever occurs first.

740 ILCS 14/15(a).

17.     Under BIPA Section 15(b), it is unlawful for a private entity to

collect, capture, purchase, receive through trade, or otherwise obtain a person's or
a customer's biometric identifiers or biometric information, unless it first:

        (1) informs the subject ... in writing that a biometric identifier or
biometric information is being collected or stored;

        (2) informs the subject ... in writing of the specific purpose and length of
term for which a biometric identifier or biometric information is being collected,
stored, and used: and

(3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

740 ILCS 14/15(b).

18.    And under BIPA Section 15(c), "[n]o private entity in possession of a biometric identifier or biometric information may sell, lease, trade, or otherwise profit from a person's or a customer's biometric identifier or biometric information." 740 ILCS 14/15(c).

19.    As described throughout this Complaint, GeoSnapShot violated all three prongs of BIPA Section 15(b) by collecting, storing, and using biometrics without informed written consent. GeoSnapShot also violated BIPA Section 15(a) by failing to provide a publicly-available written policy regarding its schedule and guidelines for retaining and permanently destroying biometrics. Finally, GeoSnapShot violated BIPA Section 15(c) by using biometrics to enable its "Selfie Search" feature that facilitates the sale of photographs through its website, and thereby provides GeoSnapShot's primary source of revenue.

***GeoSnapShot Profits from the Unauthorized Use of Biometrics***

20.    GeoSnapShot calls itself "a purpose-built photography platform that makes the distribution of event photos simple for any size event."[1] The GeoSnapShot platform is available on the internet at https://geosnapshot.com/. According to GeoSnapShot, its platform has been used for over 16,000 events including over 5.3 million participants in 83 countries.[2]

21.    GeoSnapShot markets its platform both to event organizers and photographers.

22.    Event organizers can register their event with GeoSnapShot and invite their own photographers or request photographers through GeoSnapShot.

---

[1] http://help.geosnapshot.com/en/articles/1729545-faq-s-for-event-organisers

[2] https://geosnapshot.com/event_organisers

23.     Similarly, photographers "rang[ing] from amateurs to full professionals"[3] can

register with GeoSnapShot and find events that are seeking photographers.

24.     Photographers who register with GeoSnapShot must agree to certain terms and

conditions. These include:

    a.    agreeing not to "use the [GeoSnapShot] Site services . . . to compete with

           the Site or any services that the Site provides";

    b.    agreeing that if they "book onto a GeoSnapShot event," they "are deemed

           to be representing GeoSnapShot at that event" and "must upload photos to

           the GeoSnapShot platform for sale";

    c.    agreeing that if they "attend a GeoSnapShot event [they] cannot offer an

           alternative purchasing option for photos other than the [GeoSnapShot]

           Site."

25.     After the event has occurred, photographers upload their photos to the

GeoSnapShot website where they are made available for purchase. For each photo sold, the

photographer receives 70% of the proceeds and GeoSnapShot keeps the remaining 30%.[4] Upon

information and belief, the commission that GeoSnapShot takes on photographs sold through its

platform is its primary (if not only) source of revenue.

26.     GeoSnapShot facilitates the sale of photographs through its platform by collecting

and storing the biometrics of every single person who is in a photograph uploaded to its

website—even those people who never use GeoSnapShot or even become aware of its existence.

---

[3] http://help.geosnapshot.com/en/articles/1729545-faq-s-for-event-organisers

[4] http://help.geosnapshot.com/en/articles/1679835-faqs-for-photographers

27.     GeoSnapShot encourages event attendees to do a "Selfie Search" by "upload[ing] a selfie" and allowing its "AI [artificial intelligence] [to] find all their photos quickly and easily."[5]



28.     As stated in GeoSnapShot's Privacy Policy, the Selfie Search feature works through "Face Analysis" and "Face Recognition."[6] "Face Analysis is a process by which the facial features fromphotos [sic] provided to the [geosnapshot.com website] can be analysed."[7] "Face Recognition is an optional feature where a photo provided by a user (a 'selfie') can be compared to the face analysis of photos stored. The results can display the photos the are [sic] a likeness of the selfie."

---

[5] https://geosnapshot.com/event_organisers

[6] https://geosnapshot.com/privacy_policy

[7] *Id.*

29.     GeoSnapShot's Selfie Search feature is made possible only through
GeoSnapShot's collection and storage of biometrics.

30.     As defined under BIPA, biometrics include "scan[s] of . . . face geometry." 740
ILCS 14/10.

31.     Upon information and belief, GeoSnapShot scans all photographs that
photographers upload to its website and extracts data representing the unique geometry of each
facial image in each photograph. GeoSnapShot does this even though the people photographed
may never have asked to use GeoSnapShot or been informed that photos taken of them will be
uploaded to GeoSnapShot.

32.     Upon information and belief, when a person uses GeoSnapShot's Selfie Search
feature, GeoSnapShot scans the photograph the user uploads, extracts data representing the
unique geometry of the facial image, and compares that data to the data extracted from the event
photographs that photographers have uploaded to its website. Through that process,
GeoSnapShot identifies photographs that may contain the person whose selfie was uploaded.

***GeoSnapShot Contracted to Collect Biometrics from Participants in Illinois Events***

33.     In or around April 2019, GeoSnapShot contracted with endurance event company
Tough Mudder for GeoSnapShot-registered photographers to attend and take photographs of
participants in Tough Mudder events.

34.     Tough Mudder promotes endurance events in which participants attempt 10-to-
12-mile-long obstacle courses that feature hazards such as fields of mud and tanks of cold water.

35.     Upon information and belief, under the terms of the agreement, all Tough Mudder
events are open to GeoSnapShot-affiliated photographers to take photographs of participants and
upload them to the GeoSnapShot website. GeoSnapShot then derives biometrics from the
photographs to enable the Selfie Search feature as described in paragraphs 26 through 32.

8

36.    In an article promoting the partnership, GeoSnapShot founder and chief executive
Andy Edwards emphasized that GeoSnapShot's biometric-based Selfie Search feature was
central to the agreement. Because Tough Mudder participants "come out from the muddy
depths," the article quoted Edwards as saying, "face recognition is the only thing that will find
photos of them."

37.    In the same article, Edwards touted the Tougher Mudder partnership as one that
would help GeoSnapShot realize "500% growth" in 2019.

38.    As described further below, Tough Mudder events frequently are held in Illinois
and are attended by Illinois citizens. Therefore, through its agreement with Tough Mudder,
GeoSnapShot purposefully availed itself of the benefits of operating its business in Illinois and
marketing to Illinois citizens the photographs sold through its platform.

***GeoSnapShot Collected, Used, and Profited From Plaintiffs' Biometrics Without Their
Consent***

39.    Plaintiffs attended the "Tough Mudder Chicago Saturday" event held in Rockford,
Illinois, on August 24, 2019.

40.    During the event, one or more photographs containing Plaintiffs' facial images
were taken and subsequently were uploaded to the GeoSnapShot website.

41.    . Upon information and belief, after the photographs containing Plaintiffs' facial
image were uploaded to GeoSnapShot's website, GeoSnapShot scanned them and extracted data
representing the unique geometry of Plaintiffs' facial images, as is its usual practice.

42.    Plaintiffs were never informed that GeoSnapShot would collect, store, or use their
biometrics in the form of data representing the unique geometry of their facial images.

43.    Plaintiffs were never informed that GeoSnapShot would profit from the use of
their biometrics by using them to enable the Selfie Search feature that facilitates the sale of

photographs through the GeoSnapShot website, and in turn generates GeoSnapShot's primary source of revenue.

44.    Plaintiffs never gave GeoSnapShot consent to collect, store, use, or profit from their biometrics.

***GeoSnapShot Has Collected, Used, and Profited From the Biometrics of Countless Other Illinois Citizens***

45.    The GeoSnapShot website hosts photographs taken at no fewer than ten events held in Illinois since 2019, including at least seven Tough Mudder events. These events include:

a.    Chicago Cross Cup 2022 (Dec. 4, 2022);

b.    Tough Mudder Chicago 2022 Sunday (Aug. 28, 2022);

c.    Tough Mudder Chicago 2022 Saturday (Aug. 27, 2022);

d.    Terrain Race Chicago (Aug. 13, 2022);

e.    Bubble Run Chicago (July 9, 2022);

f.    Muddy Dash Chicago (May 28, 2022);

g.    Tough Mudder Chicago Sunday (Aug. 15, 2021);

h.    Tough Mudder Chicago Saturday (Aug. 14, 2021);

i.    Toughest Mudder Chicago (Aug. 14, 2021);

j.    Tough Mudder Chicago Sunday (Aug. 25, 2019);

k.    Tough Mudder Chicago Saturday (Aug. 24, 2019);

46.    For each of those Illinois-located events, the GeoSnapShot website hosts hundreds, or even thousands of photographs. For example, the page for the Tough Mudder Chicago 2022 Saturday event contains five photo sets that together, contain over 22,000 photographs.[8]

---

[8] https://geosnapshot.com/e/tough-mudder-chicago-2022-saturday/16028

47.     Upon information and belief, the individuals depicted in the photographs taken at those Illinois-located events include a significant number of Illinois citizens.

48.     Upon information and belief, GeoSnapShot has collected the biometrics (in the form of data representing the unique geometry of facial images) of every person whose facial image is contained in every photograph uploaded to its website, including every photograph associated with the Illinois-located events mentioned in paragraph 45 above.

49.     Upon information and belief, GeoSnapShot collects, stores, uses, and profits from those biometrics in the same manner as it has done with Plaintiffs' biometrics.

50.     Upon information and belief, GeoSnapShot has derived revenue or profits from the sale of photographs of Illinois citizens taken at Illinois-located events, including sales made to Illinois citizens including Plaintiff Regan Moomaw, and benefits from its commercial relationship with photographers based in Illinois and events held in Illinois.

51.     Upon information and belief, GeoSnapShot's collection, storage, use, and profit from those biometrics all have been done without the subject's informed written consent.

*GeoSnapShot's Collection and Use of Biometrics Violates BIPA*

52.     GeoSnapShot's practices of collecting, storing, using, and profiting from Illinois' citizens biometrics violates BIPA Sections 15(a), (b)(1)–(3), and (c).

53.     **BIPA Section 15(a).** GeoSnapShot possesses biometrics, but does not make available to the public a written policy that establishes a retention schedule and guidelines ensuring that the biometrics it collects are destroyed when the initial purpose for collecting them has been satisfied or within three years of the individual's last interaction with GeoSnapShot, whichever comes first. Indeed, the biometrics that GeoSnapShot collects and stores include those of individuals who never knowingly interact with GeoSnapShot. GeoSnapShot therefore violates BIPA Section 15(a).

54.    **BIPA Section 15(b)(1).** GeoSnapShot collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing that biometrics are being collected or stored. GeoSnapShot therefore violates BIPA Section 15(b)(1).

55.    **BIPA Section 15(b)(2).** GeoSnapShot collects, captures, or otherwise obtains biometrics without first informing the subject (or the subject's legally authorized representative) in writing of the specific purpose and length of term for which the biometrics are being collected, stored, or used. GeoSnapShot therefore violates BIPA Section 15(b)(2).

56.    **BIPA Section 15(b)(3).** GeoSnapShot collects, captures, or otherwise obtains biometrics without first receiving from the subject (or the subject's legally authorized representative) an executed written release. GeoSnapShot therefore violates BIPA Section 15(b)(3).

57.    **BIPA Section 15(c).** GeoSnapShot profits from the biometrics that it possesses by using them to enable the Selfie Search feature that facilitates the sale of photographs through the GeoSnapShot website, and in turn generates GeoSnapShot's primary source of revenue. GeoSnapShot therefore violates BIPA Section 15(b)(3).

## CLASS ALLEGATIONS

58.    This action is brought under 735 ILCS 5/2-801 by the named Plaintiffs on their own behalf and on behalf of a proposed Class of all other persons similarly situated, defined as follows:

> All Illinois citizens who biometric information or biometric identifiers were collected, captured, purchased, received through trade, or otherwise obtained by GeoSnapShot Pty Ltd or GeoSnapShot, Inc.

59.    The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members presently is unknown to Plaintiffs, it is

ascertainable by appropriate discovery or is known or available to GeoSnapShot. Upon

information and belief, the class includes thousands of members.

60.    Common questions of law or fact arising from GeoSnapShot's conduct exist as to all

members of the Class. These common questions include, without limitation:

    a.    Whether GeoSnapShot captured, collected, stored or used the biometrics of Plaintiffs or the Class members.

    b.    Whether GeoSnapShot informed Plaintiffs or the Class members in writing that their biometrics were being captured, collected, stored, or used.

    c.    Whether GeoSnapShot informed in writing Plaintiffs or the Class members of the specific purpose and length of term for which their biometrics were being captured, collected, stored, or used.

    d.    Whether GeoSnapShot received from Plaintiffs, the Class members, or their legally authorized representative an executed written release before GeoSnapShot captured, collected, stored, or used their biometrics.

    e.    Whether GeoSnapShot developed and made available to the public a written policy establishing a retention schedule and guidelines for permanently destroying biometrics at the earlier of the time when the initial purpose for collecting or obtaining the biometrics was satisfied or within three years of an individual's last interaction with GeoSnapShot.

    f.    Whether GeoSnapShot profited from Plaintiffs' or the Class members' biometrics by using them to enable the Selfie Search feature that facilitates the sale of photographs through the GeoSnapShot website, and in turn generates revenue for GeoSnapShot.

61.    Class treatment provides a fair and efficient method for the adjudication of the

controversy described in this Complaint because the controversy affects a large number of

persons. Class treatment therefore provides an appropriate and effective method for Plaintiffs and

Class members to assert their claims in a manner that can fairly be managed without unnecessary

expense or duplication. The expense and burden of individual litigating the claims of each Class

member is impracticable and would waste judicial resources.

13

62.    Furthermore, class treatment allows litigation of claims that, given the expenses of litigation, likely would be insufficient in monetary value to support separate actions. Class treatment allows litigation to be conducted in a single forum, which aids judicial economy and efficiency, promotes parity among the claims of individual Class members, and results in judicial consistency.

63.    In contrast, the prosecution of separate actions by individual members of the Class would create a risk of:

      a.    inconsistent or varying adjudications with respect to individual members of the Class; and

      b.    adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

64.    Plaintiffs will fairly and adequately protect the interests of the Class that they represent. Plaintiffs' interests as the Class representatives are consistent with those of the Class members.

65.    Plaintiffs are represented by counsel experienced in class action and other complex litigation.

66.    Plaintiffs and their counsel envision no difficulties in managing this case as a class action.

## COUNT I – VIOLATION OF BIPA SECTION 15(a)
### 740 ILCS 14/15(a)
### Failure to Develop Publicly-Available Policy
### (On Behalf of Plaintiffs and the Class)

67.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

68.    BIPA Section 15(a) requires private entities in possession of biometrics to "develop a written policy, made available to the public, establishing a retention schedule and

guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first." 740 ILCS 14/15(a).

69.    GeoSnapShot is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that GeoSnapShot Pty Ltd is an Australian proprietary limited company, GeoSnapShot, Inc., is a Delaware corporation, and neither are or include a State or local government agency.

70.    GeoSnapShot possesses the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

71.    GeoSnapShot never has developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a).

72.    GeoSnapShot's possession of Plaintiffs' and the Class members' biometrics without having developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a) violates BIPA Section 15(a).

73.    Plaintiffs and the Class members are aggrieved by GeoSnapShot's possession of their biometrics without having developed a publicly-available written policy that complies with the requirements of BIPA Section 15(a).

74.    As a direct result of GeoSnapShot's violations of BIPA Section 15(a), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

### COUNT II – VIOLATION OF BIPA SECTION 15(b)(1)
**740 ILCS 14/15(b)(1)**
**Failure to Inform of Collection or Storage**
**(On Behalf of Plaintiffs and the Class)**

75.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

15

76.     BIPA Section 15(b)(1) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored." 740 ILCS 14/15(b)(1).

77.     GeoSnapShot is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that GeoSnapShot Pty Ltd is an Australian proprietary limited company, GeoSnapShot, Inc., is a Delaware corporation, and neither are or include a State or local government agency.

78.     GeoSnapShot collected and stores the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

79.     GeoSnapShot collected the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members that their biometrics were being collected or stored.

80.     GeoSnapShot's collection and storage of Plaintiffs' and the Class members' biometrics without first informing them in writing violates BIPA Section 15(b)(1).

81.     Plaintiffs and the Class members are aggrieved by GeoSnapShot's collection and storage of their biometrics without having first informed them in writing as required under BIPA Section 15(b)(1).

82.     As a direct result of GeoSnapShot's violations of BIPA Section 15(b)(1), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**COUNT III – VIOLATION OF BIPA SECTION 15(b)(2)**
**740 ILCS 14/15(b)(2)**
**Failure to Inform of Purpose and Length of Term**
**(On Behalf of Plaintiffs and the Class)**

83.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

84.    BIPA Section 15(b)(2) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (2) informs the subject . . . in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used." 740 ILCS 14/15(b)(2).

85.    GeoSnapShot is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that GeoSnapShot Pty Ltd is an Australian proprietary limited company, GeoSnapShot, Inc., is a Delaware corporation, and neither are or include a State or local government agency.

86.    GeoSnapShot collected and stores and uses the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

87.    GeoSnapShot collected, and stores and uses, the biometrics of Plaintiffs and the Class members without first informing in writing Plaintiffs or the Class members of the specific purpose and length of term for which their biometrics were being collected, stored, or used.

88.    GeoSnapShot's collection, storage, and use of Plaintiffs' and the Class members' biometrics without first informing them in writing of the specific purpose and length of term for which their biometrics were being collected, stored, or used violates BIPA Section 15(b)(2).

89.    Plaintiffs and the Class members are aggrieved by GeoSnapShot's collection, storage, and use of their biometrics without having first informed them in writing of the specific purpose and length of term for which their biometrics were being collected, stored, or used as required under BIPA Section 15(b)(2).

17

90.    As a direct result of GeoSnapShot's violations of BIPA Section 15(b)(2), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

## COUNT IV – VIOLATION OF BIPA SECTION 15(b)(3)
### 740 ILCS 14/15(b)(3)
### Failure to Obtain Written Release
### (On Behalf of Plaintiffs and the Class)

91.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

92.    BIPA Section 15(b)(3) makes it unlawful for any private entity to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifiers or biometric information, unless it first: . . . (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative." 740 ILCS 14/15(b)(3).

93.    GeoSnapShot is a "private entity" as defined in BIPA Section 10 [740 ILCS 14/10] in that GeoSnapShot Pty Ltd is an Australian proprietary limited company, GeoSnapShot, Inc., is a Delaware corporation, and neither are or include a State or local government agency.

94.    GeoSnapShot collected the biometrics of Plaintiffs and the Class members as described throughout this Complaint.

95.    GeoSnapShot collected the biometrics of Plaintiffs and the Class members without first having obtained a written release executed by them or their authorized legal representative.

96.    GeoSnapShot's collection of Plaintiffs' and the Class members' biometrics without first having obtained an executed written release violates BIPA Section 15(b)(3).

18

97.    Plaintiffs and the Class members are aggrieved by GeoSnapShot's collection of

their biometrics without first having obtained an executed written release as required under BIPA

Section 15(b)(3).  .

98.    As a direct result of GeoSnapShot's violations of BIPA Section 15(b)(3),

Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section

20 [740 ILCS 14/20].

## COUNT V – VIOLATION OF BIPA SECTION 15(c)
### 740 ILCS 14/15(c)
### Profiting From Biometrics
### (On Behalf of Plaintiffs and the Class)

99.    Plaintiffs incorporate all preceding allegations as if fully set forth herein.

100.    BIPA Section 15(c) makes it unlawful for any private entity to "sell, lease, trade,

or otherwise profit from a person's or a customer's biometric identifier or biometric

information.740 ILCS 14/15(c).

101.    GeoSnapShot is a "private entity" as defined in BIPA Section 10 [740 ILCS

14/10] in that GeoSnapShot Pty Ltd is an Australian proprietary limited company, GeoSnapShot,

Inc., is a Delaware corporation, and neither are or include a State or local government agency.

102.    GeoSnapShot possesses the biometrics of Plaintiffs and the Class members as

described throughout this Complaint.

103.    GeoSnapShot profits from the biometrics of Plaintiffs and the Class members by

using them to enable the Selfie Search feature that facilitates the sale of photographs through the

GeoSnapShot website, and in turn generates GeoSnapShot's primary source of revenue.

104.    GeoSnapShot's practice of profiting from Plaintiffs' and the Class members'

biometrics violates BIPA Section 15(c).

105.    Plaintiffs and the Class members are aggrieved by GeoSnapShot's practice of profiting from their biometrics in violation of BIPA Section 15(c).

106.    As a direct result of GeoSnapShot's violations of BIPA Section 15(c), Plaintiffs and the Class members are entitled to statutory damages as set forth in BIPA Section 20 [740 ILCS 14/20].

**PRAYER FOR RELIEF**

Plaintiffs, individually and on behalf of the proposed Class, respectfully requests the following relief with respect to each and every count alleged above:

A.    certification of this action as a class action under 735 ILCS 5/2-801 *et seq.* and appointment of the undersigned as class counsel;

B.    a declaration that GeoSnapShot's conduct described throughout this Complaint violates BIPA Sections 15(a), (b)(1)–(3), and (c);

C.    injunctive and equitable relief as is necessary to protect Plaintiffs and the proposed Class from GeoSnapShot's ongoing violations of BIPA Sections 15(a), (b)(1)–(3), and (c);

D.    statutory damages in the amount of $5,000.00 for each and every intentional or reckless violation of BIPA, as allowed under BIPA Section 20(2), and statutory damages in the amount of $1,000.00 for each and every negligent violation of BIPA, as allowed under BIPA Section 20(1);

E.    their reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses, as allowed under BIPA Section 20(3) or other applicable law;

F.    such other relief as the Court deems just and appropriate.

20

## DEMAND FOR JURY TRIAL

Plaintiffs, individually and on behalf of the proposed Class, respectfully request a jury

trial on all issues so triable.

Dated: March 23, 2023                    Respectfully Submitted,

**THE DRISCOLL FIRM, P.C.**

By:         /s/ Matthew J. Limoli
Matthew J. Limoli, #6328051
211 N. Broadway, Suite 4050
St. Louis, Missouri 63012
Phone: (314) 932-3232
Fax: (314) 932-3233
matthew@thedriscollfirm.com

**THE DRISCOLL FIRM, LLC**
John J. Driscoll, #6276464
1311 Avenida Juan Ponce de Leon, 6th Floor
San Juan, Puerto Rico 00907
Phone: (314) 222-2605
Fax: (314) 932-3233
john@jjlegal.com

*Attorneys for Plaintiffs*

# Exhibit B

# CIRCUIT COURT FOR THE 20TH JUDICIAL CIRCUIT

State of Illinois  )
                   ) S.S.
County of St. Clair )

Case Number 2023-LA- 0365

Amount Claimed Over $50,000

| | |
|---|---|
| ADAM MOOMAW and REGAN MOOMAW, individually and on behalf of others similarly situated,<br><br>Plaintiff(s) | GEOSNAPSHOT PTY LTD, an Australian proprietary limited company GEOSNAPSHOT, INC. a Delaware corporation<br><br>Defendant(s) |

**VS**

Classification Prefix _____ Code _____   Nature of Action _____ Code _____

Pltf. Atty. Matthew J. Limoli _____ Code _____
Address 211 N. Broadway, 40th Floor
City St. Louis, MO 63102 _____ Phone 314-932□
Add. Pltf. Atty John J. Driscoll _____ Code _____

## SUMMONS COPY

To the above named defendant(s)......:

**TO THE SHERIFF: SERVE THIS DEFENDANT AT:**

NAME GEOSNAPSHOT, INC. a Delaware corp.

The Corporation Trust Company

ADDRESS 1209 Orange Street

CITY & STATE  Wilmington, DE 19801

☐ **A.** You are hereby summoned and required to appear before this court at

(court location) _____ at _____ M. On _____ 20____
to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the complaint.

☑ **B.** You are summoned and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, in the office of the clerk of this court within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment of decree by default may be taken against you for the relief prayed in the complaint.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider.

If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

## TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement thereon of service and fees if any, immediately after service. In the event that paragraph A of this summons is applicable this summons may not be served less than three days before the day of appearance. If service cannot be made, this summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS, _____ 3/24/2023 Jennifer Davlin _____ 20____

_____
Clerk of Court

BY DEPUTY: _____

DATE OF SERVICE: 3/24/2023 20____
(To be inserted by officer on copy left with defendant or other person)

Date Served: 3/24/2023
Time Served: 2:54
Server: JB 8597463

I certify that I served this summons on defendants as follows:

(a) – (Individual defendants – personal):
By leaving a copy of the summons and a copy of the complaint with each individual defendant personally as follows:

Name of defendant                                        Date of service

_____          _____

_____          _____

_____          _____

_____          _____

### (b) - (Individual defendants - abode):

By leaving a copy of the summons and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons, and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode, as follows:

| Name of defendant | Person with whom left | Date of service | Date of mailing |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ |

### (c) - Corporation defendants):

By leaving a copy of the summons and a copy of the complaint with the registered agent office, or agent of each defendant corporation as follows:

| Defendant corporation | Registered agent, officer or agent | Date of service |
|---|---|---|
| _____ | _____ | _____ |
| _____ | _____ | _____ |
| _____ | _____ | _____ |

(d) - (Other service):

| SHERIFF'S FEES |
|---|
| Service and return _____ $ |
| Miles _____ . . . . . . . . . $_____ |
| Total . . . . . . . . . . . . . . . . . . . . . . $_____ |
| _____ |
| Sheriff of _____ County |

_____, Sheriff of _____ County

_____, Deputy

 **Wolters Kluwer**

**CT Corporation**
**Service of Process Notification**
03/24/2023
CT Log Number 543487969

## Service of Process Transmittal Summary

TO:    ANITA TUPPER
DAVIS, GRAHAM & STUBBS LLP
1550 17TH ST STE 500
DENVER, CO 80202-1500

RE:    **Process Served in Delaware**

FOR:    GEOSNAPSHOT, INC.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | ADAM MOOMAW and REGAN MOOMAW, individually and on behalf of all others similarly situated vs. GEOSNAPSHOT PTY LTD |
| CASE #: | 2023LA0365 |
| PROCESS SERVED ON: | The Corporation Trust Company, Wilmington, DE |
| DATE/METHOD OF SERVICE: | By Process Server on 03/24/2023 at 16:14 |
| JURISDICTION SERVED: | Delaware |
| ACTION ITEMS: | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780102298894 |
| REGISTERED AGENT CONTACT: | The Corporation Trust Company
1209 Orange Street
Wilmington, DE 19801
800-874-5258
WestTeam1@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                          Fri, Mar 24, 2023
**Server Name:**                   Wilmington Drop Serve

| | |
|---|---|
| Entity Served | Geosnapshot, Inc. |
| Case Number | 2023LA0365 |
| Jurisdiction | DE |

| Inserts | | |
|---|---|---|
| | | |



**CT Corporation**

**CT Packing Slip**

**UPS Tracking # :** 1ZX212127801022298894
**Created By :** BATCH BATCH
**Created On :** 03/24/2023 06:27 PM
**Recipient :**

| ANITA TUPPER | |
|---|---|
| Title : | -- |
| Customer : | DAVIS, GRAHAM & STUBBS LLP |
| Address : | 1550 17TH ST STE 500 |
| Email : | anita.tupper@dgslaw.com |
| Phone : | -3038927451    Fax : - |

**Package Type :** Envelope
**Items shipped :** 1

| Log # | Case # | Entity Name |
|---|---|---|
| 543487969 | 2023LA0365 | GEOSNAPSHOT, INC. |



Envelope: UPS_LETTER_CENTER
WINDOW
Total Pages: 26
SafetySeal(101761)

TERRI THONGSAVAT
2149323601
CT - DALLAS SOP TEAM
1999 BRYAN STREET
DALLAS  TX 75201

**1.0 LBS LTR**     **1 OF 1**

**SHIP TO:**
ANITA  TUPPER
3038927451
DAVIS, GRAHAM & STUBBS LLP
1550 17TH ST STE 500
**DENVER  CO  80202**

2010421

11

**CO 802 9-50**

**UPS NEXT DAY AIR**      **1**
TRACKING #: 1Z X21 278 01 0229 8894

BILLING: P/P

Reference No.1: SOP/2401130/543487969/CT SOP Custo

Origin: Wolters Kluwer UPS 562130

XOL 23.02.02     NV45 12.0A 03/2023*

# Exhibit C

**Case Number:** 23-LA-0365
**Case Filing Date:** 03/23/2023
**Appearance History:** No Appearance History

**Presiding Judge:** NOT ASSIGNED
**Case Type:** TORT MONEY DAMAG OVER $50,000
**Case Status:** OPEN

## Case Participants (Click on a row for details)

| Participant Name | Type | Role | Status | Status Date |
|---|---|---|---|---|
| (NAME FIELD EMPTY) | JUDGE | Judicial | Active | 03/24/2023 |
| DRISCOLL, JOHN J | ATTY FOR PLAINTIFF | Party | Active | 04/21/2023 |
| MOOMAW, ADAM | PLAINTIFF | Party | Active | 03/24/2023 |
| MOOMAW, REGAN | PLAINTIFF | Party | Active | 03/24/2023 |

## Register of Actions

| Event Date | Event Description | Party Type | Party Name |
|---|---|---|---|
| 03/24/2023 | DOC:SUMMONS ISSUED | ADMINISTRATION | |
| 03/24/2023 | DOC:SUMMONS ISSUED | ADMINISTRATION | |
| 03/24/2023 | DOC:ENTRY OF APPEARANCE | ATTY FOR PLAINTIFF | DRISCOLL, JOHN J |
| 03/23/2023 | DOC:AFFIDAVIT | ADMINISTRATION | |
| 03/23/2023 | DOC:COMPLAINT FILED | ADMINISTRATION | |
| 03/23/2023 | DOC:MOTION | ADMINISTRATION | |
| 03/23/2023 | DOC:MOTION | ADMINISTRATION | |

# Exhibit D

**IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLIN**

ADAM MOOMAW and REGAN MOOMAW,
individually and on behalf of others similarly
situated,

        Plaintiffs,

        v.                              Case No. 2023-LA-0365

GEOSNAPSHOT PTY LTD, an Australian
proprietary limited company, and
GEOSNAPSHOT, INC., a Delaware
corporation,

        Defendants.

**NOTICE TO STATE COURT OF REMOVAL TO FEDERAL COURT**

Please take notice that Defendants GEOSNAPSHOT PTY LTD and GEOSNAPSHOT, INC. (collectively "Defendants") have, on April 21, 2023, filed a Notice of Removal with the Clerk of the United States District for the Southern District of Illinois, to remove the above-referenced cause, Case No. 2023-LA-0365, from the Circuit Court for the Twentieth Judicial Circuit to the United States District Court for the Southern District of Illinois. A copy of Defendants' Notice of Removal is attached hereto and marked as "Exhibit A."

Dated: April 21, 2023                Respectfully submitted,

                              By:    /s/ John C. Ellis
                                          *One of Defendants' Attorneys*

John C. Ellis (IL ARDC #6286102)
ELLIS LEGAL, P.C.
200 W. Madison Street, Suite 2670
Chicago, Illinois 60606
(312) 967-7629
jellis@ellislegal.com