IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ADAM MOOMAW, REGAN MOOMAW, and SARAH GUSTAFSON Individually and on behalf of all others similarly situated<br><br>Plaintiffs,<br><br>vs.<br><br>GEOSNAPSHOT PTY LTD, an Australian proprietary limited company<br><br>Defendants. | )<br>)<br>)<br>)<br>)  Case No. 3:23-cv-1321-DWD<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Defendant, GeoSnapShot PTY LTD's ("GeoSnap") Motion to Stay Proceedings and Other Miscellaneous Relief (Doc. 82), in which GeoSnap, pursuant to 9 U.S.C. § 16(a), seeks an order staying proceedings in this Court while the Seventh Circuit adjudicates GeoSnap's appeal of this Court's Order Denying GeoSnap's Motion to Compel Arbitration (Doc. 78).

The Supreme Court's decision in  in *Coinbase, Inc. v. Bielski*, 143 S. Ct. 1915 (2023) controls. In *Coinbase*, the district court denied the defendant's motion to compel arbitration. Thereafter, the defendant exercised its statutory right to an immediate appeal pursuant to 9 U.S.C. § 16(a). The district court and the court of appeals declined to stay the district court proceedings pending Coinbase's appeal, and the U.S. Supreme Court granted certiorari. The sole question before the Supreme Court was "whether the district

court must stay its pre-trial and trial proceedings while the interlocutory appeal is ongoing." *Id*. at 1918. The Supreme Court answered the question in the affirmative, explaining as follows:

> [a]bsent an automatic stay of district court proceedings, Congress's decision in § 16(a) to afford a right to an interlocutory appeal would be largely nullified. If the district court could move forward with pre-trial and trial proceedings while the appeal on arbitrability was ongoing, then many of the asserted benefits of arbitration (efficiency, less expense, less intrusive discovery, and the like) would be irretrievably lost—even if the court of appeals later concluded that the case actually had belonged in arbitration all along. Absent a stay, parties also could be forced to settle to avoid the district court proceedings (including discovery and trial) that they contracted to avoid through arbitration.

*Coinbase*, 143 S. Ct. at 1921.

Accordingly, pursuant to the Supreme Court's ruling in *Coinbase*, the Court **ORDERS** as follows:

1. GeoSnap's Motion to Stay Proceedings and Other Miscellaneous Relief (Doc. 82) is **GRANTED**. This case is **STAYED** in its entirety pending resolution of GameStop's interlocutory appeal.

2. The Court **DEFERS** ruling on Plaintiff' pending Motion to Withdraw Adam Moomaw and Regan Moomaw as Named Plaintiffs.

3. Within 30 days of the issuance of the Seventh Circuit's mandate, the Parties shall file a joint report with the Court advising the court of the status of this matter. Upon reviewing the report, if necessary, the Court will set a new trial date and direct the Parties so submit a proposed scheduling order.

**SO ORDERED.**

Dated: April 3, 2025

s/*David W. Dugan*
DAVID W. DUGAN
United States District Judge